**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000328
02-SEP-2011
10:30 AM**

NO. CAAP-11-0000328

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MINERVA MOJICA, Plaintiff-Appellant, v.
AIG HAWAII INSURANCE COMPANY, INC., Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1RC-10-1-2759)


ORDER DISMISSING APPEAL
(By: Nakamura, Chief Judge, Foley and Reifurth, JJ.)

Upon review of the record, it appears that we do not have jurisdiction over the appeal that Plaintiff-Appellant Milagros Mojica (Appellant) has asserted from the Honorable Hilary Benson Gangnes's March 8, 2011 order denying Appellant Mojica's motion for reconsideration of the district court's announcement that it intends to enter judgment in favor of Defendant-Appellee AIG Hawaii Insurance Company, Inc. (Appellee), because the record on appeal does not contain a written order or written judgment that resolves Appellant's complaint in this case.

Appellant is appealing pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010).

> Pursuant to HRS § 641-1(a) (1993), appeals are allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts. <u>In district court cases</u>, a judgment includes any order from which an appeal lies. . . . <u>A final order means an order ending the proceeding, leaving nothing further to be accomplished</u>. . . . When a written judgment, order, or decree ends the litigation by fully deciding all rights and liabilities of all parties, leaving nothing further to be adjudicated, the judgment, order, or decree is final and appealable.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999) (citations, internal quotation marks, and footnote omitted; emphases added). The separate judgment document rule under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 869 P.2d 1334 (1994), is

> not applicable to district court cases. Consequently, <u>an order that fully disposes of an action in the district court may be final and appealable</u> without the entry of judgment on a separate document, <u>as long as the appealed order ends the litigation</u> by fully deciding the rights and liabilities of all parties <u>and leaves nothing further to be adjudicated</u>.

<u>Casumpang v. ILWU, Local 142</u>, 91 Hawai'i at 427, 984 P.2d at 1253 (emphases added).

The district court has not entered a final order or final judgment that fully disposes of this action. For example, the March 8, 2011 order denying Appellant's March 8, 2011 motion for reconsideration does not resolve Appellant's complaint in this case. Although the district court orally announced its intent to enter a judgment in favor of Appellee, a final judgment or final order must be in writing, because an "oral decision is not an appealable order." <u>KNG Corp. v. Kim</u>, 107 Hawai'i 73, 77, 110 P.3d 397, 401 (2005) (citing Rule 4(a)(5) of the Hawai'i Rules of Appellate Procedure (HRAP)). "A judgment or order is

entered when it is filed in the office of the clerk of the court." Haw. R. App. P. 4(a)(5). "In civil cases before the district court, the filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry." KNG Corp. v. Kim, 107 Hawai'i at 77, 110 P.3d at 401 (quoting District Court Rules of Civil Procedure Rule 58; internal quotation marks and brackets omitted). The district court has not entered a final order or final judgment in this case that resolves Appellant's complaint. Although the district court's minutes reflect the district court's intent to enter a final judgment in favor of Appellee, "a minute order is not an appealable order." Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added).

Absent an appealable judgment or appealable order, Appellant's appeal is premature and we lack appellate jurisdiction. "Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action." Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; Peterson v. Hawaii Electric Light Company, Inc., 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994). "Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal." Housing Fin. and Dev. Corp. v.

Castle, 79 Hawai'i at 76, 898 P.2d at 588 (citation, internal quotation marks and brackets omitted).  Therefore,

IT IS HEREBY ORDERED that Appeal No. CAAP-11-0000328 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i,  September 2, 2011.


Chief Judge


Associate Judge


Associate Judge